```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANGEL M. PINET,                   :
         Petitioner
                                  :

         vs.                      :    CIVIL NO. 1:CV-07-1766

                                  :
RONNIE R. HOLT, Warden
U.S.P. Canaan                     :
         Respondent
```

*M E M O R A N D U M*

Angel Pinet, a federal inmate, was found guilty in prison disciplinary proceedings of fighting with his cellmate and was punished by the loss of twenty-seven days of good-conduct time. He filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, making various due-process challenges to the proceedings.

After review of the parties' submissions, we determined that Petitioner had procedurally defaulted most of his claims.[1] We also decided that the government should supplement its response to the petition by detailing the security concerns that justified not having at the disciplinary proceedings a videotape used as evidence against Petitioner.

---

[1] A federal inmate may use section 2241 to challenge the loss of good-conduct time but must exhaust his administrative remedies before seeking habeas review in federal court. *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

On April 29, 2008, we ordered Petitioner to show cause and prejudice to excuse his default. Otherwise, we would only consider the following two claims: the claim that the hearing officer should have viewed the videotape (claim 2); and the claim he was refused a medical examination by a doctor shortly after the supposed fight (claim 10).[2] In the same order, we also required the government to detail the security concerns that justified not having at the disciplinary proceedings a videotape used as evidence against Petitioner. The parties have complied with that order, and so we examine the merits of the petition, beginning with the exhaustion issue.

Petitioner attempts to excuse his procedural default for all of his claims by arguing that he is innocent of the charge of fighting with his cellmate. In the criminal context, a claim of factual innocence can excuse a default, *United States v. Jenkins*, 333 F.3d 151, 155 (3d Cir. 2003) (quoting *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998)), but the criminal defendant must establish that "in light of all the evidence . . . it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623, 118 S.Ct. at 1611 (internal quotations omitted). Applying this test here, Petitioner fails to satisfy it. He has only made a

---

[2] This was only one part of claim 10. The other part, raised for the first time in the habeas petition, was that Petitioner was refused a medical examination not only by a doctor, but by a physician's assistant as well.

2

bare assertion that he is innocent of the charge. Further, given the evidence before the hearing officer, he could not meet this test.

Petitioner also argues that his procedural default of his claim that the "followup form," as he calls it, describing his condition after the fight is a forgery and that the signature on that form is not his should be excused because he had no way of knowing during his administrative appeals "that the alleged followup was a medical evaluation." (Doc. 24, ¶ 6). Instead, he had "assumed that the alleged followup was part of the strip-search and photographs performed by the investigator (sic) officer," (*id.* ¶ 5), the night on which the fight supposedly took place.

We reject this position. As Petitioner's own exhibits attached to his petition show, the report of the discipline hearing officer (DHO) describes this form as an "Inmate Injury Assessment and Followup" form (doc. 1, CM/ECF page 19) and also describes the contents of the form.[3] Petitioner also possessed the DHO report at the time of his administrative appeals. (*Id.*, CM/ECF page 23). Hence, he could not have made the assumption that the form dealt only with the strip search and photographs.

We thus consider the only two claims that have been exhausted. As noted, Petitioner claims that the hearing officer

---

[3] For Pinet, the DHO report said that the form described his injuries as "a superficial laceration to the inside of his left upper lip, had redness under his left eye and a cold sore on his outer lip." (*Id.*, CM/ECF page 1-20).

should have viewed the videotape. However, the government's response (doc. 21, attached penalty-of-perjury declaration of the DHO), to the April 29, 2008, order satisfies the Court that the refusal to turn over or use the tape at Petitioner's hearing involved legitimate security concerns, in that viewing the tape would indicate the location of hidden cameras and would enable inmates to locate "blind spots" in the area covered by the cameras. An inmate has the right to present evidence on his own behalf at a disciplinary hearing, but a valid security reason would suffice to defeat that right. *See Young v. Kann*, 926 F.2d 1396, 1401-02 (3d Cir. 1991) (citing *Muhammad v. Butler*, 655 F. Supp. 1470, 1471-72 (D.N.J. 1987)). *See also Howard v. United States Bureau of Prisons*, 487 F.3d 808, 813-14 (10th Cir. 2007); *Barnes v. Fauver*, 1993 WL 232320, at *4-5 (D.N.J.)(inmate should be allowed to view videotape evidence absent hazard to institutional safety or correctional goals).[4]

      Petitioner also claims his due process rights were violated when he was not examined by a physician on the night of the alleged fight to determine whether his physical injuries were from a fight or just a cold sore. We reject this claim because Petitioner was examined by medical personnel, at least a physician's assistant, (doc. 14-2, CM/ECF page 12), who would have

---

[4] The government also points out that Petitioner refused the assistance of a staff representative, (doc. 1, CM/ECF page 18), but a staff representative would have been able to view the videotape. (doc. 21, attached penalty-of-perjury declaration of the DHO).

4

had the necessary expertise to accurately assess his physical condition.

    We will issue an appropriate order.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge

Date: August 13, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANGEL M. PINET,                  :
    Petitioner
                                 :

    vs.                          :   CIVIL NO. 1:CV-07-1766

                                 :
RONNIE R. HOLT, Warden
U.S.P. Canaan                    :
    Respondent

*O R D E R*

AND NOW, this 13th day of August, 2008, based on the accompanying memorandum, it is ordered that:

    1. The petition (doc. 1) under 28 U.S.C. § 2241 is denied.

    2. The Clerk of Court shall close this file.

                        /s/William W. Caldwell
                        William W. Caldwell
                        United States District Judge